IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Edward Chestnut, ) | C/A No.: 1:13-2250-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Officer K. Singleton, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Raymond Edward Chestnut, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff was previously incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville"), a facility of the Bureau of Prisons ("BOP"). He alleges that Officer Singleton ("Defendant") used excessive force against him when she spit on him and used a fire extinguisher against him. [Entry #1]. This matter comes before the court on Defendant's motion to dismiss/for summary judgment ("Defendant's motion") that she filed in lieu of an answer on November 12, 2013. [Entry #19]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Although Plaintiff's time for responding to the motion has not passed, the undersigned finds it appropriate to issue a recommendation on the motion without awaiting a response from Plaintiff.

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

Defendant's motion is couched both as a motion to dismiss and a motion for summary judgment. However, it cannot properly be considered as a motion to dismiss for the following reasons:

- Defendant has presented matters outside of the pleadings. The court cannot consider such materials in a 12(b)(6) or 12(c) motion without converting the motion to one for summary judgment. Fed. R. Civ. P. 12(d).

- Defendant does not discuss or apply the proper standard of review on a motion to dismiss under 12(b), which requires the undersigned to consider only the pleadings.

- In the opening paragraph, Defendant states that the motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) and (6), but does not directly address either of these standards. In fact, although Rule 12(b)(1) addresses motions to dismiss for lack of subject matter jurisdiction, Defendant admits that the court has subject matter jurisdiction over this action. [Entry #19 at 3].

- After a review of the pleadings, Plaintiff's pro se complaint sets forth sufficient allegations to survive a motion to dismiss. *See Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (core inquiry involves the "nature of the force–specifically, whether it was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'") (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)); *Hill v. Crum*, No. 12-6705, 2013 WL 4082271, at *2 (4th Cir. Aug. 14, 2013) (no de minimis injury threshold for excessive force claim after *Wilkins*).

Construing the motion as one for summary judgment is also improper in this instance. Defendant seeks to have the court consider the case on the merits, and she does not assert any procedural affirmative defense pursuant to 12(b) that can be evaluated without reference to the substantive facts giving rise to the incident. Therefore, Defendant essentially seeks to have this court make a determination on the merits of this case without Defendant ever having filed an answer and without allowing Plaintiff to conduct any discovery. This tactic is not supported by the Federal Rules of Civil Procedure, which do not contain any mechanism by which a defendant may file a motion for

summary judgment in lieu of an answer.[2] Additionally, federal courts have not generally considered motions for summary judgment on the merits before giving the parties an opportunity to conduct discovery. *See*, *e.g.*, *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after 'adequate time for discovery,'" *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (holding that generally, "summary judgment is appropriate only after adequate time for discovery") (internal quotation marks omitted).

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss/for summary judgment be denied, and Defendant be directed to file an answer within 7 days of the district judge's ruling on the motion.

IT IS SO RECOMMENDED.

November 19, 2013                                     Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Counsel is directed to review Fed. R. Civ. P. 12 (requiring a responsive pleading or 12(b) motion; 7 (defining pleading); 8 (effect of failing to deny where responsive pleading required). The undersigned notes that this is not the first time that counsel for defendant has filed motions for summary judgment, thinly veiled as motions to dismiss, in lieu of an answer. Failures to timely answer or responsively plead may place defendants at risk of default.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).