IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | Civil Action No.: 1:13-cv-2250-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| K. Singleton, Officer, Individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Raymond Edward Chestnut ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*"). *See* Compl., ECF No. 1. In response, Defendant K. Singleton, Officer, Individual capacity ("Defendant") filed a motion to dismiss, or in the alternative, for summary judgment. *See* Mot., ECF No. 19. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R & R, the Magistrate Judge recommends that the Court deny Defendant's motion and direct Defendant to answer.[2]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] In the R & R, the Magistrate Judge recommended finding that the Defendant improperly seeks to have the Court make a determination on the merits prior to filing an answer. *See* ECF No. 22 at 2. She reasoned that this tactic is not supported by the Federal Rules of Civil Procedure ("FRCP"), asserting that the rules do not contain a mechanism by which a defendant may file a motion for summary judgment in lieu of an answer. *See id.* at 2–3. Defendant objected, arguing that a defendant need not respond in the form of an answer prior to making a motion for summary judgment, as the rules provide that such motion can be made at "any time." *See* ECF No. 24 at 3. As Rule 56 explains: "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of discovery." Fed. R. Civ. P. 56(b) (emphasis added). In its commentary regarding the 2009 amendments, the Advisory Committee noted that "[t]he new rule allows a party to move for

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff, who was incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville") at the time the action was brought, filed this *Bivens* action in August of 2013. In the Complaint, Plaintiff alleges a violation of his rights under the Eighth Amendment

---

summary judgment at any time, even as early as commencement of the action." Fed. R. Civ. P. 56 advisory committee's note. In 2010, the committee reiterated this principle. *See id.* Rule 12 also supports this notion, stating that a party may move to dismiss prior to filing a responsive pleading, but that if matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(a)(4), (b), (d). Finally, the Court notes that the local rules for the District of South Carolina are silent on this issue. The Magistrate Judge is directed to consider this information in preparing her Amended Report and Recommendation.

due to Defendant's purported use of excessive force against him.[3]  *See* ECF No. 1, at 3–4. Defendant filed her motion on November 12, 2013, asserting that Plaintiff failed to state a claim upon which relief may be granted, and that she is entitled to summary judgment based on qualified immunity and the fact that there was no constitutional violation.  *See* ECF No. 19 at 7–13.

As an initial matter, the Court notes that it appears as though Plaintiff did not properly exhaust his administrative remedies, which is a threshold requirement for the action to proceed.  *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Booth v. Churner*, 532 U.S. 731, 741 (2001).[4]  The allegations set forth in Plaintiff's administrative grievances, which were attached to his complaint, do not match the allegations in the complaint.  In his initial grievance, Plaintiff asserts that Defendant "*threatened* to hit me with the fire extinguisher and *attempted* to spray it at me." Documentation of Informal Resolution Attempt, ECF No. 1-2, at 2 (emphasis added).  He also alleges that Defendant "spit saliva from her mouth onto my *forehead, left cheek, and arm*."  *Id.* (emphasis added).  He re-alleges the same facts in his Request for Administrative Remedy and Regional Administrative Remedy Appeal.  *See* ECF No. 1-2, at 3, 5.  The Complaint, however, for the first time, asserts that Defendant "spitted [sic] on Plaintiff Chestnut, *striking plaintiff in the eye*, chest, head, face, and arms."  ECF No. 1, at 3 (emphasis added).  He also alleges, for the first time, that his "eye was swollen and blurry for about 14 days."  *Id.*  Plaintiff then argues, again for the first time, that Defendant "attempted to assault Plaintiff Chestnut by striking Plaintiff Chestnut, *and using the fire extinguisher to stray* [sic] *Plaintiff Chestnut in the face, causing Plaintiff injury and*

---

[3]  In light of the Court's ruling, an extensive recitation of the facts is unnecessary.

[4]  In a *Bivens* action, however, exhaustion of administrative remedies is not a *jurisdictional* requirement.  *Woodford v. Ngo*, 548 U.S. 81, 101 (2006).  Rather, the exhaustion requirement of 42 U.S.C. § 1997e is an affirmative defense.  *See Jones v. Bock*, 549 U.S. 199 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").  Rule 8(c) of the FRCP provides that "a party must affirmatively state any avoidance or affirmative defense" in response to a pleading.  Fed. R. Civ. P. 8(c).

*pain*." *Id.* at 3–4 (emphasis added).  The Court, therefore, questions whether Plaintiff's claims regarding his eye injury and injuries caused by actually being sprayed in the face by the fire extinguisher were properly exhausted, as they were not alleged in his administrative grievances.  In the grievance forms, there was no allegation of an eye injury and there was no allegation that a fire extinguisher was actually used to injure him, only that Defendant "tried to" or "attempted to."  *See* ECF No. 1-2 at 2, 3, 5.

Defendant, however, inexplicably stipulated that Chestnut did in fact exhaust his administrative remedies.  *See* ECF No. 19 at 4.  Thus, absent a showing of a valid ground for refusing enforcement of this stipulation, the Court must proceed as though Plaintiff properly exhausted his administrative remedies and that Defendant has appeared to have waived this defense.  While this was a memorandum in support of a motion, the Fourth Circuit is clear that "[t]he general rule is that 'a party is bound by the admissions of his pleadings.'"  *Grice v. Baltimore Cnty. Md.*, 354 Fed. App'x 742, 746 (quoting *Lucas v. Burnley*, 879 F.2d 1240, 2142 (4th Cir. 1989)).

Turning to Defendant's pending motion and the R & R, the Court notes that in support of her motion, Defendant attached an affidavit of her own testimony describing the incident in question and denying causing Plaintiff any harm or injury.  *See* ECF Nos. 19-1.  In fact, she argues that *Defendant* actually spat on her, not the other way around, and that his spit got into her eye.  *Id.* at 2.  She also denies ever grabbing a fire extinguisher and trying to enter the recreation area.  *See id*.  As previously noted, Plaintiff attached and incorporated his administrative grievance forms into his complaint.  Plaintiff, in the "Documentation of Informal Resolution Attempt" form, requested "the recreation video footage be reviewed."   ECF No. 1-2 at 2.  The Court notes that, if it exists, this relevant video evidence was not made part of the record.  Defendant may potentially be entitled

4

to Summary Judgment if the video evidence is consistent with the testimony in the Singleton Affidavit.

Therefore, the Court **RECOMMITS** the matter back to the Magistrate Judge with instructions. The Magistrate Judge should give Defendant thirty (30) days in which to file with the Court the video evidence referred in Plaintiff's Documentation of Informal Resolution Attempt, if any such evidence exists and if they wish to make it a part of the record. The Plaintiff should also be given an additional thirty (30) days to submit any further evidence in response to Defendant's motion. If Defendant produces the video, the Magistrate Judge should review it and re-evaluate the matter, and should submit another Report and Recommendation upon review of any additional filings by the parties.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 8, 2014

5