IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | C/A No.: 1:13-2250-RBH-SVH |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Officer K. Singleton, | ) | |
| Defendant. | ) | |

Plaintiff Raymond Edward Chestnut, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. This matter comes before the court on the following motions filed by Plaintiff: (1) motion for discovery [Entry #37]; (2) motion to appoint counsel [Entry #39]; and (3) motion for polygraph examinations [Entry #41].

I.     Motion for discovery

Plaintiff's motion for discovery appears to request information and documents from defendants. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, interrogatories and requests for production need not be filed with the court. Plaintiff's motion is, therefore, denied. If the district judge accepts the undersigned's report and recommendation issued contemporaneously with this order, the undersigned will issue a

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

scheduling order. Upon receipt of the scheduling order, Plaintiff can conduct discovery by mailing interrogatories and request for production directly to Defendant's counsel. *See* Fed. R. Civ. P. 5, 33, and 34.

II.     Motion to appoint counsel

Plaintiff asks the court to appoint him counsel. There is no right to appointed counsel in civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. [Entry #75].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

II.     Motion for polygraph examinations

In his motion to compel all parties to submit to polygraph examinations [Entry #41], Plaintiff fails to cite any authority from the Federal Rules of Civil Procedure or

otherwise that would support his request. Therefore, the court denies Plaintiff's motion to require polygraph examinations.

     IT IS SO ORDERED.

August 4, 2014                          Shiva V. Hodges
Columbia, South Carolina         United States Magistrate Judge