IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | C/A No.: 1:13-2250-RBH-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Officer K. Singleton, | ) | |
| Defendant. | ) | |

Plaintiff Raymond Edward Chestnut, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff was previously incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville"), a facility of the Bureau of Prisons ("BOP"). He alleges that Officer Singleton ("Defendant") used excessive force against him. [Entry #1]. This matter comes before the court on Defendant's motion to dismiss/for summary judgment ("Defendant's motion"). [Entry #19].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. Because this motion is dispositive, this report and recommendation is entered for review by the district judge. For the reasons that follow, the undersigned recommends that the district judge deny Defendant's motion.

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

I.    Factual and Procedural Background

In his verified complaint,[2] Plaintiff alleges that on August 10, 2012, while he was being placed in hand restraints, Defendant entered the recreation yard. [Entry #1 at 3]. Plaintiff alleges that he asked Defendant why she didn't "exercise and work out to lose some weight to be physically fit." *Id*. Plaintiff alleges that Defendant then spat in his eye and that his eye was swollen and blurry for 14 days. *Id*. Plaintiff states that Defendant also spat on his head, chest, face and arms. *Id*. Plaintiff further alleges that Defendant then obtained a fire extinguisher and "attempted to assault" Plaintiff by striking him and spraying him in the face. *Id*. at 3–4. Plaintiff alleges Defendant used excessive force against him in retaliation for his exercise of his First Amendment rights. *Id*. at 4.

Defendant filed her motion on November 12, 2013. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss and summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #20]. On November 19, 2013, the undersigned issued a Report and Recommendation recommending that Defendant's motion be denied. [Entry #22]. In so recommending, the undersigned noted that Plaintiff's time to respond to the motion had not expired. *Id*. However, the undersigned noted that Defendant's arguments were properly construed as summary judgment arguments, and that the motion was premature because Plaintiff was entitled to time to

---

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

conduct discovery. *Id*.

On April 8, 2014, the Honorable R. Bryan Harwell, United States District Judge, issued an order recommitting this matter to the undersigned. [Entry #33]. The order noted that Plaintiff had referenced video footage in his "Informal Resolution Attempt" form. [Entry #33 at 4; Entry #1-2 at 2]. On the same day, the undersigned issued the following order:

> In accordance with Judge Harwell's order of April 8, 2014, if video evidence referred to in Plaintiff's Documentation of Informal Resolution Attempt exists and if Defendant wishes to make it a part of the record, Defendant should file it with the court by May 8, 2014. Plaintiff shall have until June 9, 2014, to submit any further evidence in response to Defendant's motion.

[Entry #33]. Defendant did not submit the video and Plaintiff did not submit arguments or materials in response to Defendant's motion. Plaintiff filed additional motions, including a motion for discovery [Entry #37] that requests a copy of the video, and a motion to appoint counsel [Entry #39] that includes argument related to Defendant's failure to produce a video. Defendant's responses to these motions include further argument in support of Defendant's motion and indicate that "no video evidence of this alleged incident is available." [Entry #38, #40]. Having carefully considered all of the parties' submissions and the record in this case, the undersigned recommends that the district judge deny Defendant's motion.

II.     Discussion

    A.     Applicable Standards

        1.     Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

        2.     Motion for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

### 3. Pro Se Pleadings

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## B. Analysis

### 1. Application of motion to dismiss standard

Defendant argues that Plaintiff's complaint should be dismissed because, even if all of his allegations are true, he has not shown a constitutional violation. Plaintiff alleged that Defendant spat into his eye causing his eye to be blurry and swollen for two weeks.

5

[Entry #1]. Plaintiff further alleges that Defendant attempted to assault him by striking him with a fire extinguisher and spraying him in the face. *Id*.

In an excessive force case, a claimant must meet a heavy burden to satisfy the subjective component of the claim; specifically, he must prove that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm," rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). The objective component of an excessive force claim is not nearly as demanding, however, because "'[w]hen prison officials maliciously and sadistically use force to cause harm'. . . 'contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)).

Here, Plaintiff's allegations are that Defendant used force to cause harm, rather than in an effort to restore discipline. It is not clear on the record before the court whether spitting in Plaintiff's eye constitutes a use of force under the circumstances in this case, but Plaintiff alleges he was injured. In addition, it appears that the record may not be fully developed regarding Defendant's alleged attempts to assault Plaintiff by striking him and spraying him with the fire extinguisher. Therefore, given the early stage in this litigation, and construing Plaintiff's allegations liberally, the undersigned recommends the district judge deny Defendant's motion under Fed. R. Civ. P. 12(b)(6). *See Republican Party of*

6

*North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (finding that, when considering a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses").

        2.      Application of summary judgment standard

In support of her motion, Defendant submitted an affidavit in which she states that she did not spit on Plaintiff, but that he spat on her. [Entry #19-1 at 2]. She also states that she "did not attempt to obtain a fire extinguisher for the purpose of harming [Plaintiff]." *Id*. at 3. There are issues of material fact regarding whether Defendant spit on Plaintiff and whether she attempted to strike him or spray him with a fire extinguisher. Therefore, the undersigned recommends the district judge deny Defendant's motion.[3]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned is constrained to recommend the district judge deny Defendant's motion to dismiss, or in the alternative, for summary judgment [Entry #19].

    IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

August 4, 2014                             Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] In so recommending, the undersigned expresses no opinion on the overall merits of Plaintiff's claims.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).