IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Raymond Edward Chestnut, ) | Civil Action No.: 1:13-cv-2250-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| K. Singleton, Officer, Individual ) | |
| capacity, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Raymond Edward Chestnut ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*") on August 20, 2013. *See* Compl., ECF No. 1. At the time of the incident giving rise to the complaint, Plaintiff was incarcerated at the Federal Correctional Institution in Bennetsville, South Carolina ("FCI-Bennetsville").[1] In response, Defendant K. Singleton, Officer, Individual capacity ("Defendant") filed a motion to dismiss, or in the alternative, for summary judgment. *See* Mot., ECF No. 19. The matter is now before the Court after the issuance of a Second Report and Recommendation (the "Second R & R") of United States Magistrate Judge Shiva V. Hodges.[2] *See* Second R & R, ECF No. 45. In the Second R & R, the Magistrate Judge recommends that the Court deny Defendant's motion.[3] *See id.* at 7.

---

[1] Plaintiff is currently incarcerated at USP-Lewisburg in Pennsylvania.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[3] The Magistrate Judge issued an initial R & R (the "First R & R") on November 19, 2013. *See* R & R, ECF No. 22. This Court, however, recommitted the matter back to the Magistrate Judge via order on April 8, 2014. *See* Order, ECF No. 33. The Court noted that Plaintiff referred to video evidence in the Documentation of Information Resolution Attempt attached to the Complaint. *See id.* at 4. The Court explained that Defendant may be entitled to summary judgment if this video evidence was consistent with that affidavit testimony she submitted in support of her motion. *See*

#### FACTUAL BACKGROUND

In his complaint, Plaintiff alleged that on August 10, 2012, while he was being placed in hand restraints, Defendant entered the recreation yard. ECF No. 1 at 3. Plaintiff alleged that he asked Defendant why she didn't "exercise and work out to lose some weight to be physically fit." *Id.* Plaintiff asserted that, in response, Defendant spat in his eye, causing his eye to be swollen and blurry for 14 days. *Id.* Plaintiff further asserted that Defendant also spat on his head, chest, face and arms. *Id.* Plaintiff then alleged that Defendant obtained a fire extinguisher and "attempted to assault" Plaintiff by striking him and spraying him in the face. *Id.* at 3–4. Plaintiff alleges Defendant's actions constituted excessive force. *See id.* at 4. Plaintiff also sets forth a claim for retaliation, as he argues that Defendant used excessive force against him in retaliation for his exercise of his First Amendment rights. *Id.* at 4. Defendant takes issue with Plaintiff's version of the facts, and submitted an affidavit in support of her motion which avers that she did not spit on Plaintiff (and that Plaintiff actually spit on her), and that she did not attempt to strike or spray Plaintiff with a fire extinguisher. *See* Aff. of Kori Singleton, ECF No. 19-1 at ¶¶ 4–5, 7.

#### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo*

---

ECF No. 66 at 4–5. Accordingly, the Court recommitted the matter back to the Magistrate Judge and gave Defendant thirty days to file the video evidence, if it existed. *See id.* at 5. The Court also gave Plaintiff an additional thirty days to submit any further evidence in response to Defendant's motion. *See id.* Defendant indicated in a subsequent filing that no video evidence of the incident was available, but argued that even without providing any additional evidence, Defendant was still entitled to summary judgment. *See* Def.'s Resp. to Motion to Appoint Counsel, ECF No. 40 at 2. Plaintiff filed several motions subsequent to the Court's April 8, 2014 Order, but did not submit any additional evidence. *See* Mot. for Discovery, ECF No. 37; Mot. to Appoint Counsel, ECF No. 39; Mot. for Polygraph Examination, ECF No. 41. The Second R & R was prepared in light of these filings.

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**APPLICABLE STANDARDS**

**I.     Motion to Dismiss**

Rule 12(b)(6) of the Federal Rule of Civil Procedure ("FRCP") governs motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The purpose of such a motion is to test the sufficiency of a plaintiff's complaint.  *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).  Rule 8(a)(2) of the FRCP provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Likewise, "a complaint [will not] suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Walters*, 684 F.3d at 439 ("[W]hile a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" (quoting *Twombly*, 550 U.S. at 570)). Finally, when ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.   Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, the moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir.

1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id.*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); Baber, 977 F.2d at 875 (citing Celotex, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## DISCUSSION

In the Second R & R, the Magistrate Judge recommends the Court deny Defendant's motion. *See* ECF No. 45 at 7. The Magistrate Judge found that it was not clear on the present record whether Defendant's alleged spitting in Plaintiff's eye and striking/spraying Plaintiff with a fire extinguisher constituted impermissible use of force. *See id.* at 6. Thus, the Magistrate Judge recommends the Court deny Defendant's motion under Fed. R. Civ. P. 12(b)(6). *See id.* at 6–7. She also recommends the Court find that there are genuine issues of fact regarding whether Defendant spit on Plaintiff and whether she attempted to strike or spray him with a fire extinguisher. *See id.* at

7. Therefore, she recommends the Court deny Defendant's motion under Rule 56 as well. *See id.* However, the Magistrate Judge noted that the Second R & R expressed no opinion on the merits of Plaintiff's claim. *See id.* at n.3.

Defendant timely filed objections to the R & R. In his objections, Defendant first notes that Plaintiff never properly responded to the motion. *See* ECF No. 47 at 3–4. Defendant notes that Plaintiff has had ample time to respond to the motion, but instead has embarked on a pattern of delay by filing non-responsive motions. *See id.* at 4. Defendant then asserts that Plaintiff has failed to set forth a *prima facie* claim of a constitutional violation. *See id.* Defendant argues that one instance of spitting on a prisoner does not violate the Eighth Amendment, and, even if it did, Defendant would be entitled to qualified immunity because it has not been clearly established that one instance of a prison official spitting on a prisoner violates the Eighth Amendment. *See id.* at 4–5. Defendant argues that there is no controlling authority in the circuit demonstrating that the challenged act was unconstitutional. *See id.* at 5. Defendant then argues that dismissal of the fire extinguisher claim is also appropriate because Plaintiff has provided no proof that Defendant committed such an act, nor has he provided a scintilla of evidence of injury. *See id.* at 6.

**I.     Plaintiff's Failure to Respond**

Defendant's first argument in her objections is that her motion should be granted because Plaintiff never responded to it. The Court finds that, due to the muddled procedural history of this matter, Plaintiff's failure to file a response to the motion does not justify granting Defendant's motion. After Defendant filed her motion, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss and summary judgment procedures and the possible consequences if he failed to respond adequately. *See* Order, ECF No. 20. Plaintiff's deadline to respond to Defendant's motion was December 6, 2013.

However, on November 19, 2013, the Magistrate Judge went ahead and issued an R & R, the First R & R, which recommended that Defendant's motion be denied. *See* ECF No. 22. The Court, however, rejected this R & R and gave the parties an opportunity to submit any additional evidence. *See* ECF No. 33 at 5. Neither party ended up submitting any additional evidence.

While the Court agrees that Plaintiff has not filed a response to Defendant's motion, there was likely some confusion caused by the Magistrate Judge's issuance of the initial R & R prior to the expiration of Plaintiff's deadline to respond. As discussed more fully below, because the Magistrate Judge issued the First R & R prior to the expiration of Plaintiff's time to respond to Defendant's motion, it could be argued that Plaintiff did not get a sufficient opportunity to respond by way of a memorandum. Accordingly, the Court finds that granting summary judgment on this basis would be inappropriate.

## II.     Excessive Force Claim

The Court agrees with the Magistrate Judge that the complaint sets forth sufficient facts to state a claim for excessive force. Plaintiff alleges that Defendant applied force by spitting in his eye and by attempting to strike or spray him with a fire extinguisher in order to cause harm. He admits that he asked Defendant why she did not exercise to try and lose weight, but Plaintiff does not set forth any additional facts suggesting Defendant was acting in a good faith effort to restore discipline. Plaintiff alleges that he was injured by both the spitting and the fire extinguisher assault. The Court finds that this is sufficient to survive a 12(b)(6) motion.

The Court also agrees with the Magistrate Judge that Defendant's motion for summary judgment is premature at this early stage of the litigation. After Plaintiff filed his complaint, Defendant immediately filed this motion to dismiss, or in the alternative, motion for summary judgment. Defendant strongly disputes Plaintiff's version of events, and asserts that she is entitled

to qualified immunity.  The Court is mindful that, "[b]ecause the doctrine [of qualified immunity] seeks to protect government officials from the burdens of trial and preparing for trial, the Supreme Court has 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'"  *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 330 (4th Cir. 2009).  Therefore, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The Court must examine two prongs to determine whether qualified immunity is appropriate.  The Court must decide (1) whether Plaintiff has alleged facts sufficient to make out a violation of a constitutional right and (2) whether the right was "clearly established" at the time of Defendant's alleged misconduct.  *Saucier v. Katz*, 533 U.S. 194, 232 (2001).  The Court can address these requirements in any order.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Moreover, "[a] constitutional right is 'clearly established' when 'its contours [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).  If no discovery has been conducted, the Court's inquiry is to assess "whether the plaintiff's complaint states sufficient factual allegations that, if true, show a violation of clearly established constitutional rights."  *McDevitt*, 555 F.3d at 331.

In her motion for summary judgment and objections to the Second R & R, Defendant argued that Plaintiff failed to establish a constitutional violation.  The Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners in cases . . . where the deliberate use of force is challenged as excessive and unjustified."  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  The Eighth Amendment clearly prohibits "unnecessary and wanton infliction of pain" against

8

inmates. *Id.* at 319. To establish a claim for excessive force, a Plaintiff must prove that prison officials applied force "maliciously and sadistically for the very purpose of causing harm," rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010).

The Fourth Circuit has found it is clearly established "that the wanton infliction of pain on an inmate without penological justification constitutes cruel and unusual punishment." *Jackson v. Morgan*, 19 Fed. App'x 97, 111 n.5 (4th Cir. 2001). Accordingly, because Plaintiff alleged such an infliction of pain, the only inquiry at this juncture is whether Plaintiff set forth sufficient facts to establish a violation of a constitutional right. The Court agrees with the Magistrate Judge that Plaintiff's allegations are sufficient to make out a claim that Defendant's actions were not taken in a "good faith effort to maintain and restore discipline," but rather were done maliciously and sadistically for the purpose of causing harm. Although Defendant vehemently opposes Plaintiff's characterization of the facts, the Court cannot say at this juncture that Plaintiff failed to allege sufficient facts.

The Court finds that this matter "requires greater factual development and is better decided once discovery has been conducted." *Tobey v. Jones*, 706 F.3d 379, 389 (4th Cir. 2013). As the Fourth Circuit has explained, "where there is a material dispute over what the defendant did . . . it may be that the qualified immunity question cannot be resolved without discovery." *DiMeglio v. Haines*, 45 F.3d 790, 795 (4th Cir. 1995). Therefore, the Court finds that Defendant's motion should be denied as premature. The Court explicitly notes, however, that Defendant's motion is denied *without prejudice* to Defendant's right to refile and reassert the argument contained in this motion, or any additional arguments Defendant may have. Plaintiff should be given the right to

conduct *limited* written discovery the extent of which will be determined by the Magistrate Judge in her discretion.

As the Court noted above, because the Magistrate Judge issued the First R & R before Plaintiff's time to respond to Defendant's motion expired, it could be argued that Plaintiff did not receive a sufficient opportunity to respond by way of a memorandum. To avoid any confusion, the Court denies Defendant's motion *without prejudice* to Defendant's right to refile after the limited discovery period. Plaintiff should be given a full opportunity to respond to any additional motions filed by Defendant before the Magistrate Judge issues an R & R. As the Magistrate Judge also indicated, this Court expresses no opinion on the merits, but simply finds that, at this juncture, summary judgment is premature. Therefore, Defendant's motion for summary judgment is denied without prejudice as to the excessive force claim.

### III.    Retaliation

The Magistrate Judge did not specifically address Plaintiff's retaliation claim in the Second R & R. However, she recommended that Defendant's motion be denied in its entirety. Defendant did not object to the Magistrate Judge's determination that summary judgment should also be denied on the retaliation claim. Accordingly, finding no clear error, the Court also denies the motion without prejudice as to Plaintiff's retaliation claim.

### CONCLUSION

The Court has thoroughly reviewed the entire record. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Defendant's objections and adopts the Magistrate Judge's R & R. **IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE** to the right to refile at a later time.

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
August 20, 2014