IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | C/A No.: 1:13-2250-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Officer K. Singleton, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Raymond Edward Chestnut, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff alleges that Officer Singleton ("Defendant") used excessive force against him during Plaintiff's incarceration at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville"), a facility of the Bureau of Prisons ("BOP"). [ECF No. 1]. Plaintiff is now housed at the United States Prison in Lewisburg, Pennsylvania. [ECF No. 1 at 2].

This matter comes before the court on the following motions of Plaintiff: (1) motions to compel [ECF Nos. 64, 65]; (2) motion for a physical examination [ECF No. 66]; (3) motion for a transfer [ECF No. 67]; (4) motion for sanctions [ECF No. 74]; (5) motions related to Defendant's failure to file video evidence [ECF Nos. 78, 79, 83, 88]; and (6) motion for a hearing [ECF No. 90]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

undersigned for all pretrial proceedings.

I.      Motions to Compel

In his motions to compel filed November 14, 2014 [ECF Nos. 64, 65], Plaintiff alleges he served Defendants with interrogatories and requests for production on September 27, 2014, but did not receive answers or responses. Defendant filed responses to the motions indicating that neither Defendant nor counsel received the discovery requests. [ECF No. 71, 72]. Plaintiff argues that he needs this discovery to resolve "genuine issues of material fact." [ECF No. 65 at 2]. Without making a substantive determination as to whether Plaintiff is entitled to the discovery, the undersigned denies Plaintiff's motions to compel. The undersigned will resolve in Plaintiff's favor all factual issues that could reasonably be disputed. The undersigned also notes that Defendant's motion for summary judgment contains copies of many of the requested documents, such as Plaintiff's BOP medical records from August 7, 2010, until November 7, 2012, and the BOP's Office of Internal Affairs Incident Report ("Report"). [ECF No. 68-2]. Although Defendant has not submitted the video of the incident, a summary of the video is included in the Report and the undersigned has resolved all reasonable disputes of fact in Plaintiff's favor for summary judgment purposes. [ECF No. 68-2 at 39]. Therefore, Plaintiff has not shown why he needs the discovery he alleges that he timely served, and his motions to compel are denied.

II.     Motion for a Physical Examination

Plaintiff requests that the court order he be physically examined because he has experienced "a lack of clear vision and dizziness" since the incident on August 10, 2012.

[ECF No. 66 at 1]. Plaintiff's complaint states only that his eye was swollen and blurry for about 14 days. [ECF No. 1 at 3]. Plaintiff's medical records indicate that he refused an injury assessment on August 10, 2012. [ECF No. 68-2 at 3]. His next medical encounter was August 24, 2012, at which time his eyes were examined and found to be normal. *Id.* at 4. Although Plaintiff was seen by medical several other times between the incident and November 7, 2012, there is no record of Plaintiff complaining of injury to his eye or other pain originating from the incident. *Id.* at 4–27. Because it appears that Plaintiff was regularly examined by medical in the weeks and months following the incident, the undersigned denies his request for a physical examination.

III.    Motion to Transfer

Although Plaintiff's motion is entitled "Motion for Writ of Habeas Corpus Ad Prosequendum," he seeks a transfer from Pennsylvania to a prison in South Carolina in order to prepare his case. [ECF No. 67]. There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–17 & n.1 (4th Cir. 1984). In addition, no trial date has been set in this case, and Plaintiff has ably prosecuted his case while incarcerated outside of South Carolina. Therefore, Plaintiff's motion for a transfer is denied.

IV.     Motion for Sanctions

In his first motion for sanctions, Plaintiff argues that Assistant United States Attorney Marshall Prince ("AUSA Prince") does not have standing to represent Defendant because she is sued in her individual capacity. [ECF No. 74 at 2]. Defendant's response states that 28 U.S.C. § 517 governs representation of federal employees by the Department of Justice ("DOJ") and 28 C.F.R. § 50.15 provides guidance to the DOJ as to whether representation may be provided to an employee. [ECF No. 76 at 1–2]. AUSA Prince represents that on September 26, 2013, Defendant requested representation by a DOJ attorney in this case. *Id.* He further represents that DOJ granted Singleton's request on October 17, 2013. *Id.* at 2. To the extent Plaintiff believes he is entitled to documentation of the same [ECF No. 84 at 2], he has provided no authority. Plaintiff's motion for sanctions dated December 12, 2014 [ECF No. 74], is denied.

V.     Motions Related to the Video

In Plaintiff's motion for sanctions dated January 20, 2015 [ECF No. 83], Plaintiff argues Defendant should be sanctioned for failure to file the video of the incident pursuant to the court's order. Plaintiff also filed a motion for an entry of default [ECF No. 78] and for a default judgment [ECF No. 79] related to Defendant's failure to provide the video. Finally, Plaintiff also filed a motion for spoliation sanctions related to the video. [ECF No. 88].

A review of the docket reveals that on April 8, 2014, the undersigned issued a text order stating "In accordance with Judge Harwell's order of April 8, 2014, if video evidence referred to in Plaintiff's Documentation of Informal Resolution Attempt exists

4

and if Defendant wishes to make it a part of the record, Defendant should file it with the court by May 8, 2014." [ECF No. 33]. Therefore, the court directed Defendant to file the video evidence with the court only if: (1) it existed and (2) Defendant wished to make it part of the evidence. In response to prior motions by Plaintiff requesting a copy of the video, Defendant indicated that "no video evidence of this alleged incident is available." [ECF Nos. 38, 40]. As previously discussed, the undersigned has resolved all reasonable factual disputes in Plaintiff's favor, and the absence of video evidence has not prejudiced his case. Therefore, Plaintiff's motions requesting sanctions related to Defendant's failure to file the video evidence [ECF Nos. 78, 79, 83, 88] are denied.

VI.     Motion for Hearing

In Plaintiff's motion for a hearing, he demands a jury trial be set in this case pursuant to Fed. R. Civ. P. 38. [ECF No. 90]. Rule 38 preserves the Seventh Amendment's right to a jury trial if there are facts in dispute. However, to the extent a case contains only issues of law, a court may decide the matter on summary judgment. *Barber v. Kimbrell's, Inc.*,577 F.2d 216, 221 n.12 (4th Cir. 1978) ("where summary judgment is properly granted, no Seventh Amendment issue arises") (citing *Fidelity & Deposit Co. v. U.S. ex rel. Smoot*, 187 U.S. 315, 319–21 (1902). Plaintiff also cites to the Sixth Amendment, but it only applies to criminal prosecutions. Therefore, Plaintiff's motion for a hearing is denied at this time.

VII.    Conclusion

For the foregoing reasons, the following motions by Plaintiff are denied: (1) motions to compel [ECF Nos. 64, 65]; (2) motion for a physical examination [ECF No.

5

66]; (3) motion for a transfer [ECF No. 67]; (4) motion for sanctions [ECF No. 74]; (5) motions related to Defendant's failure to file video evidence [ECF Nos. 78, 79, 83, and 88]; and (6) motion for a hearing [ECF No. 90].

    IT IS SO ORDERED.

April 13, 2015                                    Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge