IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Edward Chestnut, | ) C/A No.: 1:13-2250-RBH-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Officer K. Singleton, | ) |
| Defendant. | ) |

Plaintiff Raymond Edward Chestnut, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff alleges that Officer Singleton ("Defendant") used excessive force against him during Plaintiff's incarceration at the Federal Correctional Institution in Bennettsville, South Carolina, a facility of the Bureau of Prisons ("BOP"). [ECF No. 1]. This matter comes before the court on Defendant's motion to dismiss/for summary judgment. [ECF No. 68]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss and summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 69]. This matter having been fully briefed, it is ripe for disposition. [ECF Nos. 81, 82, 89].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the undersigned for all pretrial

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

proceedings. This motion is dispositive, therefore this report and recommendation is entered for review by the district judge. Because the undersigned has considered matters outside of the pleadings, the motion is treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(d). For the reasons that follow, the undersigned recommends that the district judge grant Defendant's motion.

I.     Factual and Procedural Background

   A.     Factual Background[2]

In his verified complaint,[3] Plaintiff alleges that on August 10, 2012, while he was being placed in hand restraints, Defendant entered the recreation yard. [ECF No. 1 at 3]. Plaintiff alleges that he asked Defendant why she did npt "exercise and work out to lose some weight to be physically fit." *Id*. Plaintiff alleges that Defendant then spat in his eye and that his eye was swollen and blurry for 14 days. *Id*. Plaintiff states that Defendant also spat on his head, chest, face and arms. *Id*. Plaintiff further alleges that Defendant then obtained a fire extinguisher and "attempted to assault" Plaintiff by striking him and spraying him in the face. *Id*. at 3–4. Plaintiff alleges Defendant used excessive force against him in retaliation for his exercise of his First Amendment rights. *Id*. at 4.

II.     Discussion

   A.     Standard on Summary Judgment

---

[2] Defendant's version of the facts is substantially different than Plaintiff's. The undersigned has resolved all reasonable disputes of fact in Plaintiff's favor, as the non-moving party.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

B.   Analysis

1.   Excessive Force

In an excessive force case, a claimant must meet a heavy burden to satisfy the subjective component of the claim; specifically, he must prove that correctional officers

3

applied force "maliciously and sadistically for the very purpose of causing harm," rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). The objective component of an excessive force claim is not nearly as demanding, however, because "'[w]hen prison officials maliciously and sadistically use force to cause harm'. . . 'contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)). The Supreme Court has also recognized that prison officials work in an environment where there is an ever-present potential for violence and unrest, and that courts should not substitute their judgment for that of the officials who must make a choice at the moment when the application of force is needed. *Id.* The deference owed to prison administrators extends to "prophylactic or preventive measures intended to reduce the incidence of . . . breaches of prison discipline." *Id.* at 322.

The Supreme Court has directed courts to balance several factors in determining whether prison officials acted maliciously and sadistically. These factors include (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. *Whitley*, 475 U.S. at 321.

4

Significant in this case is Defendant's perception of the threat to the safety of staff and prisoners. Although Plaintiff denies that he spat on Defendant first, it does not appear that Defendant was unreasonable in her perception that Plaintiff had spat on her. The accounts from the witnesses of the incident vary in many respects, but every witness other than Plaintiff reporting seeing Plaintiff spit on Defendant before she took any action.[4] [ECF No. 68-2 at 36–59]. Therefore, even if Plaintiff did not spit on Defendant first, it appears that she was reasonable in her belief that Plaintiff had spat on her, and consequently, in perceiving a threat from him. Plaintiff reasonably believed a use of force was necessary to contain a further threat from Plaintiff. Defendant's use of force was in direct proportion to the need for force, as Defendant spat on Plaintiff in response to her perception that he had spat on her. Although Plaintiff now complains that his eye was swollen and blurry for 14 days, at the time he refused an injury assessment. [ECF No. 68-2 at 3]. It appears Plaintiff's injury was minimal at most, and prison officials provided him medical care in an attempt to temper the severity of any force used. After a review of the *Whitley* factors, the undersigned finds that Defendant's use of force was not excessive in this matter.

Although Plaintiff alleges in his complaint that Defendant grabbed a fire extinguisher and attempted to strike him, Plaintiff has never explicitly alleged that Defendant struck or sprayed him with a fire extinguisher. The record[5] is void of any

---

[4] Although Defendant denies having spit on Plaintiff, the undersigned assumes that she did for the purposes of summary judgment. Def.'s Aff. ¶ 5 [ECF No. 68-1].

[5] On April 10, 2015, Plaintiff submitted an affidavit dated August 31, 2012, that purports to have been signed by an inmate named Jimmy Davis, in which Davis alleges he saw

5

evidence suggesting that Defendant struck or sprayed Plaintiff with a fire extinguisher. While the BOP internal affairs investigation revealed one witness who recalled Defendant grabbed a fire extinguisher [ECF No. 68-2 at 36], neither Plaintiff nor any other witness mentioned Defendant striking or spraying Plaintiff with the fire extinguisher. [ECF No. 38 at 3]. Thus, to the extent that Plaintiff alleges Defendant used excessive force against him with the fire extinguisher, such factual allegation is unreasonable, because it is wholly unsupported by the record. *Moore v. Padula*, C/A No. 5:11-1033-TMC, 2014 WL 25463, *9 (D.S.C. Jan. 2, 2014) ("While all evidence must be viewed in the light most favorable to the nonmoving party, a party cannot avoid summary judgment by making unsupported statements of fact.").

    2.    Retaliation

Plaintiff alleges that Defendant spat on him in retaliation for his having exercised his First Amendment rights by telling her she needed to "exercise and work out to lose some weight to be physically fit." [ECF No. 1 at 3]. Therefore, Plaintiff appears to argue that Defendant is prohibited from taking otherwise constitutional action against him if such action is in "retaliation" for his personal comments to Defendant. Plaintiff has provided no legal authority to support his novel legal theory that the First Amendment provides him additional protection from BOP officials' use of force. As discussed *supra*, Defendant's use of force against Plaintiff was not excessive under the circumstances.

---

Defendant get a fire extinguisher and "shoot a blast of something" on Plaintiff's face. [ECF No. 91]. Defendant appears to dispute the authenticity of the affidavit. [ECF No. 93]. The undersigned has not considered the affidavit from two years ago, as Plaintiff filed it over three months after the deadline for his response to summary judgment.

Although a plaintiff's speech prior to a use of force may affect the *Whitley* analysis, Plaintiff has provided no authority for the proposition that his speech entitles him to additional constitutional protection under the facts of this case. Additionally, the evidence shows that Defendant spat on Plaintiff in response to her perception that he had spat on her. The undersigned recommends Defendant be granted summary judgment on Plaintiff's retaliation claim.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's motion for summary judgment [ECF No. 68].

IT IS SO RECOMMENDED.

April 14, 2015                                             Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).